THE FLORIDA SAVINGS BANK AND REAL ESTATE EXCHANGE, APPELLANT, vs. JOSHUA SMITH, R. D. HICKS, BETSEY HOFFMAN AND NELSON HARRIS, APPELLEES.

In the trial of an ejectment suit for lot one (1), block one (1), according to the map or plat of the town of Brooklyn, a paper purporting to be a receipt for taxes, which does not on its face identify the land described in the declaration with the land described in said paper on which the taxes had been paid, should be rejected if objected to unless the party offering said paper offers by other evidence to connect the land in controversy with the land described in said paper. The same principle applies to a deed, the calls of which do not, from the language used therein, appear to cover the land in controversy.

Appeal from the Circuit Court for Duval county.

The facts of the case are stated in the opinion.

*Geo. Wheaton Deans* for Appellant.

*C. L. Robinson* for Appellees.

THE CHIEF-JUSTICE delivered the opinion of the court:

This was an action of ejectment by Appellant in the court below against the appellees for the recovery of lot one (1), in block one (1), as per map or plat of Brooklyn, near Jacksonville. Plaintiff claimed under a tax deed for the unpaid taxes of the year 1873. Plea of not guilty and verdict and judgment for defendants. On the trial of the case, the defendant, against the plaintiff's objection, introduced in evidence a paper of which this is a copy:

DUVAL COUNTY, March 2d, 1874.

———— of Richard Hicks & Bro.—

|  | $ cts. |
|---|---|
| State Tax | 6 10 |
| General Sinking Fund and Interest Tax | 3 20 |
| Special Sinking Fund and Interest Tax | 1 20 |
| General School Tax | 80 |
| County Tax | 9 30 |
| County School Tax | 1 00 |
| Total | $24 60 |

on his property in Duval county for the year 1873, 1, 2, 9, Brooklyn.

Personal property——.

[Signed,]                    PETER JONES, Collector of Revenue.

Defendant also introduced in evidence, against the objection of plaintiff, the assessment book of said county, and read in evidence the following from page one (1) of said book: "Name, R. D. Hicks & Bro.; description of property, parts of section, 1, 2, 9, Brooklyn, valuation, 800, 20.00 aid."

Neither the paper, which was possibly intended as a receipt, nor the above part of the assessment book, should have been permitted to go to the jury. They did not show on their faces any connection with the property in suit. It was competent for the defendant below to have shown by parol proof the same fact that was stated in the argument was intended to have been proven by the papers—payment

of the taxes on the property sued for for the year 1873. He did not offer to do so.

It was competent for him, also, along with the supposed receipt, and the part of the assessment book, to have introduced explanatory evidence of said papers alone, and without explanation they should have been rejected. The defendant also introduced a deed from one Miles Price to Gilbert Hicks and Richard Hicks, dated 21st May, 1866, for " lots number 1 and 2, in square number 1, 　*　*　* said lot number 1 being bounded on the north and·east by McCoy street, on he south and east by Commercial street, on the south and west by lot number 3, and on the north and west by said lot number 2," in Duval county, State of Florida. Such a description, it is evident, alluded to lots in some town or city, though what one the deed does not disclose. It should not have been admitted in evidence, if objected to, without an offer by defendant to connect by parol proof the land in controversy with the calls in the deed. Under the rule laid down by this court in Coffee vs. Groover et al., 20 Fla., 64, parol evidence was admissible to show what town or city was intended, but no such evidence was offered.

Judgment reversed and new trial granted.